Margaret R. HATTON, Appellant,

v.

Leonard D. HATTON, Appellee.

No. 2750.

Municipal Court of Appeals for the District of Columbia.

Argued May 15, 1961.

Decided June 2, 1961.

David E. Sloan, Washington, D. C., for appellant.

Bernard W. Kemp, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Prior to 1956 jurisdiction in divorce and other domestic relations litigation was in the United States District Court for the District of Columbia. That year Congress

---

vested such jurisdiction in a new tribunal known as the Domestic Relations Branch of the Municipal Court. Code 1951, § 11–758 et seq. (Supp. VIII). The question before us is whether a litigant who, prior to the transfer of jurisdiction, had sued and obtained relief in the District Court may litigate anew concerning the same subject matter in the Domestic Relations Branch.

Appellant wife first sued her husband in the District Court in 1951, and that court in 1952 awarded her a decree of absolute divorce on the ground of desertion. The decree also awarded to the wife custody of three children and ordered the husband to make specified support payments. In June 1960 the wife filed this suit in the Domestic Relations Branch praying for separate maintenance and for support of the children. On defendant's motion the court below ordered the action dismissed for want of jurisdiction. We hold that such dismissal was entirely right.

In creating the Domestic Relations Branch and giving it the jurisdiction formerly held by the United States District Court, Congress provided:

> "Nothing in this chapter shall be construed to divest the United States District Court for the District of Columbia of jurisdiction and power to consider, and to enter and enforce judgments, orders, and decrees in any such action, application or proceeding filed in such court prior to the effective date of this section to the same extent as if this chapter had not been enacted." Code 1951, § 11–762 (Supp. VIII).

There was no ambiguity in this language. It meant that while new cases were to go before the new court, cases filed in the United States District Court before the cutoff date were to remain there, and be decided and enforced there. In view of the plain Congressional language, there is no validity to appellant's argument that the Domestic Relations Branch of the Municipal Court should have exercised a

concurrent jurisdiction with the United States District Court. Such would have been an illegal assumption of jurisdictional power in an area which Congress said was to remain in the District Court.

Nor is there validity in appellant's argument that she is entitled to litigate her case in the new court because its machinery and enforcement procedures are quicker and more effective than those in the District Court. The answer is that Congress in plainest language prescribed that jurisdiction of pending cases was to continue in the United States District Court. That the court having exclusive jurisdiction of the parties and the subject matter. it is there that appellant must proceed.

Affirmed.